GWE/TPW: USAO 2016R00332

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAY -9  AM 11: 52

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
AT GREENBELT

BY_____DEPUTY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO.** GJH 16cr 224 |
| | * | |
| **VINCENT ANTHONY GRANT,** | * | **(Conspiracy to Commit Access** |
| | * | **Device Fraud, 18 U.S.C. § 1029(b)(2);** |
| **Defendant** | * | **Aggravated Identity Theft, 18 U.S.C.** |
| | * | **§ 1028A; Aiding and Abetting, 18** |
| | * | **U.S.C. § 2; Forfeiture, 18 U.S.C.** |
| | * | **§ 1029(c)(1)(C), 18 U.S.C.** |
| | * | **§ 982(a)(2)(B))** |
| | * | |
| | * | |

******

**INDICTMENT**

**COUNT ONE**
**(Conspiracy to Commit Access Device Fraud)**

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times relevant to this Indictment:

1.      **VINCENT ANTHONY GRANT** ("**GRANT**") was a resident of Maryland and a

Specialist in the District of Columbia Army National Guard.

2.      Jamal Alexander Moody ("Moody") was a resident of Maryland and Pennsylvania

and a Specialist in the District of Columbia Army National Guard.

3.      "Bitcoin" is a form of convertible digital currency that operates through the use of

an online, decentralized ledger system.  Bitcoin is not issued by any government, bank, or

company, but rather is generated and controlled through computer software operating through a

decentralized network.  Bitcoin can be exchanged for other currencies, products, or services

through use of a Bitcoin holder's Bitcoin address, which is somewhat analogous to a bank account number comprised of a string of numbers and letters.

### The Conspiracy

4.      Between in or about July 2014 and in or about April 2015, in the District of Maryland and elsewhere, the defendant,

### VINCENT ANTHONY GRANT,

did knowingly and willfully combine, conspire, confederate, and agree with Moody and others known and unknown to the Grand Jury to knowingly and with the intent to defraud effect transactions with one or more access devices issued to other persons to receive payments and other things of value during a one-year period, the aggregate value of which was equal to or greater than $1,000, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(5).

### Manner and Means of the Conspiracy

5.      It was part of the conspiracy and scheme to defraud that the defendant and his co-conspirators established and gained access to Bitcoin addresses.

6.      It was further part of the conspiracy and scheme to defraud that the defendant and his co-conspirators used Bitcoin to purchase stolen credit and debit card numbers of individuals and businesses from foreign Internet websites.

7.      It was further part of the conspiracy and scheme to defraud that the defendant and his co-conspirators selected and purchased stolen credit and debit card numbers of individuals and businesses holding federal credit union accounts and those with billing addresses in or near the District of Maryland.

8.      It was further part of the conspiracy and scheme to defraud that the defendant and his co-conspirators purchased magnetic strip card-encoding devices and software from domestic Internet websites, and otherwise acquired such devices and software, for the purpose of re-encoding credit, debit, and other cards with magnetic strips with the stolen credit and debit card numbers.

9.      It was further part of the conspiracy and scheme to defraud that the defendant and his co-conspirators used their card-encoding devices to re-encode the magnetic strips of credit and debit cards bearing their imprinted names and bank account numbers, and other cards with magnetic strips, with stolen credit and debit card numbers purchased from the foreign websites.

10.     It was further part of the conspiracy and scheme to defraud that the defendant and his co-conspirators used cards re-encoded with stolen credit and debit card numbers to purchase merchandise from Army and Air Force Exchange Service ("AAFES") stores on U.S. military bases and other locations in the District of Maryland and elsewhere, and such purchases caused the transmission of purchase transaction information by means of wire between AAFES stores and AAFES headquarters in Dallas, Texas.

11.     It was further part of the conspiracy and scheme to defraud that the defendant and his co-conspirators used stolen credit and debit card numbers they had purchased from foreign websites to buy goods from Internet purveyors.

12.     It was further part of the conspiracy and scheme to defraud that the defendant and his co-conspirators used for their own benefit, gifted, and resold for criminal proceeds in the District of Maryland and elsewhere the merchandise they purchased using stolen credit and debit card numbers.

3

### Overt Acts

13.     In furtherance of the conspiracy, and to effect the objects thereof, the defendant, Moody, and others known and unknown to the Grand Jury, committed and caused to be committed the following acts, among others, in the District of Maryland and elsewhere:

a.     On or about August 20, 2014, **GRANT** paid $128.00 in Bitcoin to purchase from a foreign website: (i) the stolen Visa credit card number ending in x0868 associated with an Andrews Federal Credit Union account belonging to Victim 1; and (ii) the stolen Visa credit card number ending in x4983 associated with the Wilmington Trust, N.A. / M&T Bank account belonging to Victim 2.

b.     On or about August 26, 2014, **GRANT** used Victim 2's stolen credit card number to make Internet purchases of $35.00 and $27.00.

c.     On or about November 28, 2014, **GRANT**, accompanied by Moody, used a card re-encoded with the stolen debit card number ending in x4547 associated with the Apple Federal Credit Union account belonging to Victim 3 to purchase $409.00 in luxury goods from the AAFES Main Store location at Fort Meade, Maryland.

d.     On or about November 28, 2014, Moody, accompanied by **GRANT**, used a card re-encoded with Victim 3's stolen debit card number to purchase a $504.00 Visa gift card from the AAFES Main Store location at Fort Meade, Maryland.

e.     On or about November 28, 2014, Moody, accompanied by **GRANT**, used a card re-encoded with the stolen credit card number ending in x0656 associated with the Justice Federal Credit Union account belonging to Victim 4 to make two purchases of apparel, totaling $845.88 and $375.24, from The North Face in Towson, Maryland.

4

f.     On or about February 7, 2015, **GRANT** corresponded with Individual A via text message to arrange a sale of merchandise purchased with stolen credit and debit card numbers.

g.     On or about April 14, 2015, **GRANT** possessed an Agricultural Federal Credit Union debit card issued in his name bearing an imprinted number ending in x3422 that was re-encoded with a credit card number ending in x7150 associated with the JP Morgan Chase bank account belonging to Victim 5.


18 U.S.C. § 1029(b)(2)

## COUNT TWO
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations in paragraphs 1 through 3 and 5 through 13 of Count One are incorporated here.

2.      On or about November 28, 2014, in the District of Maryland, the defendant,

**VINCENT ANTHONY GRANT**,

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), did knowingly

transfer, possess, and use, without lawful authority, a means of identification of another person,

knowing that the means of identification belonged to another person, to wit, the debit card

number associated with the Apple Federal Credit Union account belonging to Victim 3, during

and in relation to a conspiracy to commit access device fraud under 18 U.S.C. § 1029(b)(2), as

charged in Count One of this Indictment and incorporated here.


18 U.S.C. § 1028A
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 1029(c)(1)(C) and 982(a)(2)(B), in the event of the defendant's conviction under Count One of this Indictment.

2.      As a result of the offense set forth in Count One of this Indictment, the defendant,

**VINCENT ANTHONY GRANT**,

shall forfeit to the United States (a) any personal property used or intended to be used to commit the offense, and (b) any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of such violation.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided

                without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture

of any other property of said defendant up to the value of the forfeitable property.


18 U.S.C. § 1029(c)(1)(C)
18 U.S.C. § 982(a)(2)(B)


Rod J. Rosenstein
United States Attorney


A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date:   May 9, 2016

8